**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Petitioner,<br><br>                    v.<br><br>BARRY S. HALAJIAN,<br><br>                                    Respondent. | 1:15-CV-00632-LJO-EPG<br><br><br>ORDER GRANTING MOTION TO PERMIT<br>ALTERNATE PROCESS SERVICE<br><br>(Doc. 14) |

### I.      Introduction

On September 21, 2015, the United States of America ("Petitioner" or "government") filed a Notice and Motion to Permit Alternate Process Service, requesting the Court's permission to serve process upon the Respondent Barry Halajian ("Respondent") by means other than those allowed by Fed. R. Civ. P. 4(e).  (Doc. 14).  Specifically, the government requests that the Court find its prior service attempts including sending the IRS summons and related documents by regular and certified mail to Respondent's place of business, and to his designated Power of Attorney, sufficient in light of the Respondent's alleged attempts at evasion of service.

The Court held a hearing on the motion on October 23, 2015. Assistant United States Attorney, Bobbie J. Montoya, appeared on behalf of Petitioner, and Investigating Revenue Officer Evan D. Moses

also was present.  Respondent did not appear at the hearing.  At the hearing, the Court requested additional briefing to clarify the previous service attempts made, which the government filed on November 6, 2015. (Docs. 22-24).  After considering all of the above pleadings and the arguments presented at the hearing, Petitioner's Motion to Permit Alternate Service Process is GRANTED *nunc pro tunc*.

## II.   Background

On April 23, 2015, Plaintiffs filed a Petition to Enforce an Internal Revenue Service summons directed to respondent Barry Halajian. (Doc. 1).  The summons was issued on July 30, 2014, and ordered the release of information needed to collect assessed federal income taxes (Form 940) for the calendar period ending December 31, 2010 and (Form 941) for the quarterly periods ending December 31, 2012, March 31, 2013, and June 30, 2013.   The assessed balance as of July 31, 2014, was approximately $41,140.55. (Doc. 1, pgs. 4-5). The IRS summons directed Mr. Halajian to appear before, and produce certain documents, to the IRS on August 27, 2014, at 9:00 a.m. in Fresno, California. (*Id.*) The IRS agent, Mr. Evan Moses, left a copy of the summons at the front door of Mr. Halajian's residence at 4917 E. Sooner Drive, Fresno California 93727.  (*Id*. at pg. 6; Doc. 14-2, pgs. 1-2).  Mr. Halajian failed to appear as ordered in the summons and did not provide the requested documentation.  *Id.*

Pursuant to the Petitioner's request, on May 12, 2015, the Court issued an Order to Show Cause ("OSC") requiring that Plaintiff appear on June 16, 2015, and show cause why he should not be compelled to obey the IRS summons issued on July 30, 2014.  (Doc. 3).  The hearing on the OSC was initially set for June 12, 2015, but the case has been continued several times due to difficulty serving the Respondent with the OSC and notice of the hearing.  (Docs. 6,7, and 10).  A Second Amended OSC was issued on September 1, 2015, and advised Mr. Halajian that the hearing on the Second Amended OSC would be held October 23, 2015, at 9:30 a.m., and he shall file any opposition or defense to the OSC at least ten days before the hearing. (Doc. 12, pg. 3).  The Petitioner was ordered to serve the Second Amended OSC on the Respondent.

On September 21, 2014, the government filed the instant Motion to Permit Alternate Process Service, requesting that they be permitted to serve Mr. Halajian through certified mail because they have

been unable to serve him by other means. (Doc. 14).  In the motion, the government outlines its

numerous attempts to serve the Respondent:

Revenue Officer Evan D. Moses attempted to personally serve Mr. Halajian with the summons at his last known address at 4917 E. Sooner Drive, Fresno California on several occasions. (Doc. 14-2, pgs. 1-2). The officer initially attached the summons to the door, but through his visits, he determined that there was no one living at his address.  *Id.* Mr. Moses attempted to serve Mr. Halajian with documents pertaining to the enforcement of the tax summons proceedings on July 21, 24, and 31, 2015, and August 4, 2015, at his place of business at 2486 North Fordham Ave., Suite 102, Fresno 93727.  *Id.* at 2.  On August 5, 2015, he received an updated Form 2848, Power of Attorney Form ("POA Form") for Respondent, designating Daniel Daly, located at 520 Zang Street, Suite 213, Bloomfield, Colorado 80021, as the Respondent's Power of Attorney ("POA") to represent him before the I.R.S. *Id.* After receiving the POA Form, Mr. Moses spoke with PA Daly and provided some background information about the case.  Officer Moses advised POA Daly that several attempts had been made to serve the Respondent with process in an effort to obtain the necessary information requested in the original summons. *Id.*

On August 5, 2015, Officer Moses faxed a list identifying the documents that were required by the summons to PA Daly and also mailed a copy of this list to the Respondent at his business address at 2486 North Fordham Avenue, Suite 102, Fresno, CA 93727.  *Id.* On August 19, 2015, Officer Moses received correspondence from PA Daly requesting a three-way conference call between himself, PA Daly and the Respondent, to discuss the summons. *Id.*
On August 24, 2015, the three-way conference call took place resulting in the Respondent stating that he is "just one man" and that he does not have the time to respond to the summons.  *Id.* Officer Moses went on to explain the consequences of noncompliance with the summons, however, Mr. Halajian did not want to hear about these consequences. *Id.* Mr. Halajian further stated that he had hired a bookkeeper who is creating records for him, but would not provide any information about this individual to Officer Moses. *Id.*   POA Daly told Officer Moses that when he mentioned to Mr. Halajian that a revenue officer was trying to serve paperwork on him, Respondent Halajian told PA Daly, "Good luck on the revenue officer trying to find me to serve papers." *Id.*

On September 21, 2105, Paulette Tremblay, a Paralegal Specialist at the United States Attorney's Office, served Mr. Halajian with all filings in this case, including the initial IRS summons, and the Second Amended OSC, at his business address at 2486 North Fordham Avenue, Suite 102, Fresno, California 93727, by regular U.S. Mail, and by Certified Mail Return Receipt Requested.  (Doc. 14-3, pg. 1; Doc. 23, pg. 1-3).  The tracking information reflects that delivery of the certified mailing was attempted on September 22, 2015, at 9:38 a.m., and that notice was left because no authorized recipient was available.  (Doc. 23, pg. 4).  On September 21, 2015, Ms. Tremblay also mailed copies of all filings in this case on the Respondent Halajian's POA Daniel Daly, located at 520 Zang Street, Suite 213, Bloomfield, Colorado 80021, by Certified Mail Return Receipt Requested. (Doc. 14-3, pg. 1; Doc. 23, pg. 1-3).  The Certified mailing receipt reveals that that the mailing was received on September 24, 2015.  (Doc. 23, pgs. 3 and 6).  On September 22, 2015, one day after the service of these documents, Officer Moses received the POA form via fax with the words, "WITHDRAWN 9/21/15,"  written on it. (Doc. 18-2, pg. 2; Doc. 18-3, pg. 1-2; Doc. 18-4, pg. 1-2).  Moreover, on September 30, 2015, government's attorney received a call from an attorney named Arash Kahen who indicated he had been contacted by  the Respondent and was considering representing him in this tax summons enforcement matter. The attorney indicated that he was aware of the October 23, 2015 OSC hearing date. (Doc. 18, at pg. 2, ¶ 7).

In addition to the above service attempts, on October 21, 2015, Officer Moses also attempted to personally serve Mr. Halajian who was present at the Robert E. Coyle United States Courthouse in Fresno for a hearing on a non-related matter. (Doc. 22, pgs. 1-3). Officer Moses attempted to personally hand Mr. Halajian documents related to the enforcement of the summons petition, including the Second Amended OSC, and the hearing notice advising Mr. Halajian of the hearing on October 23, 2015. *Id.* When Mr. Halajian saw Officer Moses and the documents he was attempting to serve, Mr. Halajian crossed his arms against his chest and told Officer Moses he was not registered to accept service and refused to take the envelope. *Id.* at pgs. 2-3. Officer Moses dropped the envelope at Mr. Halajian's feet. *Id.* at 3. When he did so, Mr. Halajian walked away from the envelope and exited the courthouse. *Id.*

## III. Discussion

Petitioner argues that the attempts at personal service made on Respondent on October 21, 2015, at the Courthouse constitutes valid service. However, recognizing that this service only occurred two days prior to the hearing, the government also moves the Court to permit alternate process service through regular and certified mail that was previously sent on September 21, 2015, to Respondent's business address, as well as regular and certified mail sent on September 21, 2015, to POA Daly, who at that time was Respondent's duly-designated tax representative. Respondent did not file an opposition to this motion.

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir.1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). While the Federal Rules "have an application to a summons proceeding," they "are not inflexible." *United States v. Donaldson*, 400 U.S. 517, 528–29 (1971).  A district court "may limit their application in a proceeding to enforce a summons, which is intended to be a summary proceeding, so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." *United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir.1975) (quoting *Donaldson*, 400 U .S. at 529).

Moreover, Federal Rule of Civil Procedure 81(a)(5) gives district courts the discretion in subpoena enforcement proceedings "to tailor the Federal Rules to the particular need and purposes of the proceeding." *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir.1992). Courts have held that Rule 81 provides the Court the authority to allow a less formal service of process than that required under Rule 4.  *FTC v. Carter*, 636 F.2d 781, 791 (D.C.Cir.1980).  Rule 81(a)(5)"make[s] application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court." *United States v. S.E. First N at'l Bank of Miami Springs*, 655 F.2d 661, 663 (5th Cir.1981). "Although the court may resort to the rules whenever it deems them 'helpful,' it need not apply the rules when to do so 'may conflict with the summary determination desired.'" *Id*. (quoting Advisory Committee Notes of 1946). "A district court may approve of a method of service that is different than the requirements of the Rules, provided the service gives reasonable notice to the persons served with the subpoena." 14 Moore's Federal Practice, § 81.05[3].

### B. *Analysis*

The Second OSC issued by the Court on September 1, 2015, provides for a motion for alternate process service by stating: "If the federal employee assigned to serve these papers is not reasonably able to serve the papers as provided in paragraph 3, petitioner may request a court order granting leave to serve by other means. *See* Fed. R. Civ. P. 81(a)(5)." (Doc 12 at ¶ 5).  Here, the Court finds that the personal delivery of the summons at the Courthouse on October 21, 2015, establishes proper service since Officer Moses attempted to personally serve the Respondent and left the documents at his feet after Mr. Halajian refused to accept them.  *See Travelers Cas. and Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1136-37 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort

1  to comply with the Requirements of Rule 4(e)(2) which resulted in placement of the summons and

2  complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2), is only

3  prevented by the defendant's knowing and intentional actions to evade service.").

4        Although the Court finds the above service was proper, there is a concern that the service only

5  occurred two days prior to the hearing.  Therefore, Court also considers the Petitioner's request for

6  alternate service, and finds that the methods utilized, including the regular and certified mail sent on

7  September 21, 2015, to the Respondent's business address, and regular and certified mail sent on

8  September 21, 2015, to POA Daly, who at that time was the Respondent's duly-designated tax

9  representative, were reasonably calculated to afford the Respondent actual notice of the OSC

10 proceedings.  These methods satisfy the Due Process requirement that service be reasonably calculated,

11 under all circumstances, to apprise interested parties of the pendency of the action, and to afford them an

12 opportunity to present their objections.  This is especially true since after service by these methods, an

13 attorney contacted the AUSA in this case on the Respondent's behalf indicating that he was considering

14 taking the case, and during that conversation discussed the October 23, 2015 hearing date with

15 government counsel.  Finally, the fact that on September 22, 2015, one day after service of the

16 documents related to the enforcement of the summons proceedings, Officer Moses received the POA

17 form via fax with the words "WITHDRAWN 9/21/15," written on it, is further evidence that

18 Respondent was aware of the service of these documents.  This coupled with Respondent's refusal to

19 accept personal service of the Second OSC, that provided notice of the October 23, 2015 hearing date,

20 and related documents, suggest that all of these actions were taken for the purpose of evading service,

21 and that permitting an alternative method of service is appropriate.

22      **IV.      Conclusion and Order**

23        For the reasons set forth above, IT IS HEREBY ORDERED that the attempt to personally serve

24 the Respondent on October 21, 2015, constituted proper service.

25        Additionally, the Petitioner's Motion to Permit Alternate Process Service is GRANTED, *nunc*

26 *pro tunc*. The Court finds that the steps taken, namely service via regular United States mail and

27 certified mail on Respondent, and on his POA on September 21, 2015, satisfies the Due Process

28 requirement that service be reasonably calculated, under all circumstances, to apprise interested parties

1   of the pendency of the action, and to afford them an opportunity to present their objections.

2

3   IT IS SO ORDERED.

4       Dated:    **November 24, 2015**                    /s/ Erica P. Grosjean

5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28