IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>BARRY S. HALAJIAN,<br><br>　　　　　　　　Respondent. | 1:15-CV-00632-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT; ORDER**<br>**(Doc. 1)**<br><br>Taxpayer:<br>**BARRY S. HALAJIAN** |

**I.　Introduction**

Pending before the Court is the United States of America's ("government" or "Petitioner") petition to enforce a summons issued by the Internal Revenue Service ("IRS") to the Respondent, Barry S. Halajian ("Respondent" or "Mr. Halajian"). The summons is part of an investigation of the Respondent to secure information needed to collect assessed federal income taxes (Form 940) for the calendar period ending December 31, 2012, and (Form 941) for the quarterly periods ending December 31, 2012, March 31, 2013, and June 30, 2013.

//

//

Pursuant to the Petitioner's request, on May 12, 2015, the Court issued an Order to Show Cause ("OSC") requiring that Plaintiff appear on June 16, 2015, and show cause why he should not be compelled to obey the IRS summons issued on July 30, 2014.  (Doc. 3).  The hearing on the OSC was initially set for June 12, 2015, but the case has been continued several times due to difficulty serving the Respondent with the OSC and notice of the hearing.  (Docs. 6, 7, and 10).  On September 1, 2015, the Court issued a Second Amended Order to Show Cause ("Second Amended OSC") requiring the appearance the Respondent at a hearing on October 23, 2015 at 9:30 a.m. to address the petition. (Doc. 12).

In a Motion to Permit Alternate Process Service filed on September 21, 2015, the government alleged that Respondent had been evading service of several of the Orders to Show Cause and Notice of the Hearings.  Additionally, on October 21, 2015, the government attempted to personally serve Respondent again, however, when Officer Moses attempted to hand the documents directly to Mr. Halajian, he refused to accept them.  As a result of the Respondent's apparent evasion of service, the Court granted the Motion to Permit Alternate Process Service, finding that Respondent had been properly served with the IRS summons and the Second Amended OSC on September 21, 2015. (Doc. 27).  The Court also found that due to Mr. Halajian's actions on October 21, 2015, service was also properly effectuated on that day. *Id*.  As such, the Court finds that Respondent had actual knowledge of the hearing on the Second Amended OSC.

The hearing on the Second Amended OSC was held as scheduled on October 23, 2015, at 9:30 a.m.  At the hearing, Assistant United States Attorney, Bobbie J. Montoya appeared on behalf of Petitioner, and investigating Revenue Officer Evan D. Moses was also present.  Respondent did file any written opposition to the petition, and did not appear at the hearing.  The Court heard further argument and made tentative findings on the record.

**II.     Findings Regarding Enforcement the IRS Summons**

Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper.  The government is authorized to bring this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  In order to obtain an order enforcing a summons, the Government must establish: 1) its investigation is for a legitimate purpose, 2) the materials sought are relevant thereto, 3) the information is not already in its

2

possession, and 4) it has taken the necessary administrative steps to obtain enforcement of a summons. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *U.S. v. Church of Scientology of California*, 520 F. 2d 2818, 821 (9th Cir. 1975).

Based on the uncontroverted verified petition by Revenue Officer Evan D. Moses (Doc. 1), the arguments at the hearing (Doc. 21), and the supplemental briefing (Docs. 22-24), the Court makes the following Findings:

(1)  The summons issued by Revenue Officer Evan D. Moses on July 30, 2014, and served upon respondent, Barry S. Halajian, on July 30, 2014 and October 21, 2015, seeking testimony and production of documents and records in respondent's possession, was issued in good faith and for a legitimate purpose under 26 U.S.C. § 7602, that is, to secure information needed to collect assessed federal income taxes (Form 940) for the calendar period ending December 31, 2012, and (Form 941) for the quarterly periods ending December 31, 2012, March 31, 2013, and June 30, 2013;

(2)  The information sought is relevant to that purpose;

(3)  The information sought is not already in the possession of the Internal Revenue Service;

(4)  The administrative steps required by the Internal Revenue Code have been followed;

(5)  There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution;

(6)  The verified petition and its exhibits made a *prima facie* showing of satisfaction of the requirements of *United States v. Powell*, 379 U.S. at 57-58;

(7)  The burden shifted to respondent, Barry S. Halajian, to rebut that *prima facie* showing; and

(8)  Respondent presented no arguments or evidence to rebut the *prima facie* showing.

**III.     Recommendations**

Based on the above, IT IS RECOMMENDED that the I.R.S. summons served upon Respondent, Barry S. Halajian, be enforced, and that Respondent be ordered to appear at the I.R.S. offices at 2525 Capitol Street, Suite 205, Fresno, California 93721, before Revenue Officer Moses or his designated representative, on the twenty-first (21st) day after the filing date of the District Judge's summons enforcement order, or at a later date to be set in writing by Revenue Officer Moses, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers

1  and other data demanded by the summons, the examination to continue from day to day until completed.
2  It is further recommended that if the District Court Judge enforces the summons, that the Court retain
3  jurisdiction to enforce its order by its contempt power.

4      These Findings and Recommendations are submitted to the District Court Judge assigned to this
5  action, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days of service of these Findings and
6  Recommendations, any party may file written objections with the Court and serve a copy on all parties.
7  Such a document should be captioned "Objections to Magistrate Judge's Findings and
8  Recommendations."  The District Court Judge will review the Magistrate Judge's Findings and
9  Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file
10 objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson*
11 *v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12     The Clerk of the Court shall serve this Findings and Recommendations, and any further orders
13 by mail to Barry S. Halajian, at 2486 North Fordham Avenue, Suite 102, Fresno, California 93727.

IT IS SO ORDERED.

Dated:  **November 24, 2015**   /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE